## LIEN FILED MORE THAN TEN MONTHS AFTER COMPLETION OF THE BUILDING.

Circuit Court of Cuyahoga County.

I. KOBLITZ & SON v. GEORGE ARNOLD ET AL.

Decided, January 11, 1909.

*Mechanic's Liens—Time for Filing Mechanic's Liens Can Not be Extended by Custom of a Trade as to Making Repairs.*

When the roof on a building has been substantially completed and the property sold, the purchaser making what repairs were necessary at that time, the contractor can not by making repairs to the roof ten

months later, during the owner's absence and without his consent, extend the time for filing his mechanic's lien; and no custom of the trade by which slate-roofers repair roofs after all other workmen have finished with the building will operate to give validity to a lien filed more than ten months after such substantial completion.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

In this appeal all issues have been eliminated in which the original plaintiff was interested and the sole issue presented here is upon the validity of a mechanic's lien claimed by Auld & Conger against the property of the defendant. The defendant is the successor in title to one Stevens, who began to erect a house on the property May 15, 1899. Before it was fully finished he negotiated a sale of the property to the defendant, who, after it was fully completed, as he testifies, moved into it October 31, 1899. Auld & Conger had, and performed a contract with Stevens to roof the house with slate. Their work was substantially done before Arnold occupied the property, but in August, 1900, ten months after Arnold's occupancy had commenced, they undertook in his absence and without his knowledge, authority, or consent, to perform the final repairs to the roof which they found to be then necessary. Thereafter they filed their mechanic's lien October 19, 1900, some fifteen months after the substantial completion of their contract, but with the time allowed by law for such filing, if it is to be reckoned from the date of said final repairs. They invoke a custom of slate roofers which makes it incumbent upon them after once substantially completing a slate roof, to wait until the work of all other trades upon the building is completed and then to repair whatever damage may have been caused by the workmen doing such work in the meantime.

Mr. Arnold, however, testifies that he and his son examined the roof at the time they moved in and caused the only defect in the roof, which they observed, to be repaired at his expense, by the replacing of one slate, during the month of November, 1899.

We do not think that the rule of *Bernsdorf and Saylor* v. *Hardway*, 7 C. C., 378, can be applied to the facts in this case. At page 383, this court in its opinion by Baldwin, J., says:

"It is intimated in this case that Auld & Conger saw that it might be necessary to secure their lien at a time when it was more than four months after September, and had, with want of good faith, made some repairs in order to put on their lien. That claim is not borne out by the evidence. There is a class of cases that hold, where a mechanic's lien holder has made alterations for the purpose of extending the time of getting his lien, that it will not so operate. So far as the evidence shows, what they did was exactly in pursuance of the original contract between the parties."

It is precisely in the particular thus pointed out that the case at bar differs from the decision cited. A decree will be entered for the defendant.